IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CODY GOLDTOOTH,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THE WESTERN SUGAR COOPERATIVE,<br><br>　　　　　　Defendant and Third-Party Plaintiff,<br><br>　vs.<br><br>DSI MECHANICAL, LLC and ZURICH AMERICAN INSURANCE COMPANY,<br><br>　　　　　　Third-Party Defendants. | 8:20CV113<br><br>ORDER TO SHOW CAUSE |

　　　　This matter is before the Court on its own motion. The Court orders Third-Party Defendant DSI Mechanical, LLC (DSI) to show cause as to why its Motion to Dismiss, ECF No. 37, should not be denied as moot.

　　　　In its motion, DSI moved to dismiss the Second Amended Third-Party Complaint filed by Third-Party Plaintiff The Western Sugar Cooperative (Western), ECF No. 32. DSI argues that Western's third-party claims are barred because Goldtooth does not allege DSI was negligent; DSI cannot be found liable in tort for Goldtooth's injuries under Nebraska law; and DSI is not required to indemnify Western for Western's negligence. Yet, in its reply brief, DSI indicates that it would not be opposed to the Court following the procedure outlined in *Petznick v. United States*, 575 F. Supp. 698 (D. Neb. 1983).

　　　　In *Petznick*, the plaintiff (Petznick) sued the United States for injuries sustained while working on electrical lines at Offutt Air Force Base. The United States filed third-

party contractual indemnification claims against Petznick's employer, OK Electric Co. The Court held a bench trial to resolve the case. First the Court determined whether the United States was liable to Petznick for his injuries and, if so, for how much. The Court found that Petznick suffered damages in the amount of $788,505.35. The Court reduced this amount by ten percent due to Petznick's contributory negligence and entered judgment in Petznick's favor, finding the United States liable for the remaining ninety percent, $709,654,82. Next, the Court found that of that ninety percent, fifty percentage points were attributable to the United States and forty to OK Electric Co. Under the contractual indemnity clause, OK Electric Co. was ordered to indemnify the United States for forty percent of the total damages. The Court entered judgment for the United States on the third-party complaint in the amount of $315,402.14.

DSI indicated that it agrees to this procedure because it would conserve the parties' and the Court's resources. If DSI agrees to proceed in this manner, it appears that its motion to dismiss is moot, at least as related to Western's indemnity claim. Therefore, DSI is ordered to show cause as to why the Court should not deny its motion to dismiss at moot. Accordingly,

IT IS ORDERED:

1. On or before August 21, 2020, DSI is ordered to show cause, if any, as to why the Court should not deny DSI's motion as moot; and
2. Western may file a brief opposing DSI's response to this order within ten days of being served with DSI's response.[1]

---

[1] The Court may proceed without Western's response if it appears from DSI's submission that a response is unnecessary.

Dated this 11th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge