# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CODY GOLDTOOTH,** | |
| **Plaintiff,** | **8:20CV113** |
| **vs.** | |
| **THE WESTERN SUGAR COOPERATIVE,** | **AMENDED** |
| **Defendant and Third-Party Plaintiff,** | **CASE PROGRESSION ORDER** |
| **vs.** | |
| **DSI MECHANICAL, LLC AND ZURICH AMERICAN INSURANCE COMPANY,** | |
| **Third-Party Defendants.** | |

This matter comes before the Court on the Unopposed Motion to Extend Case Progression Order Deadlines and to Continue Status Conference (Filing No. 68). After review of the motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Unopposed Motion to Extend Case Progression Order Deadlines and to Continue Status Conference (Filing No. 68) is granted, and the case progression order is amended as follows:

1) The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is **September 28, 2021**. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by **October 12, 2021**.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge on or before the motion to compel deadline to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court.

2) The status conference scheduled for June 14, 2021, is cancelled. The status conference to discuss case progression and the parties' interest in settlement is rescheduled before the undersigned magistrate judge on **October 15, 2021,** at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

3)  The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

|  |  |
|---|---|
| For the plaintiff: | **October 28, 2021** |
| For defendant/third-party plaintiff: | **November 29, 2021** |
| Plaintiff's rebuttal: | **December 10, 2021** |
| Third-Party defendants: | **December 27, 2021** |

4)  The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

|  |  |
|---|---|
| For the plaintiff: | **November 29, 2021** |
| For defendant/third-party plaintiff: | **December 27, 2021** |
| Plaintiff's rebuttal: | **January 10, 2022** |
| Third-Party defendants: | **January 27, 2022** |

5)  The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **February 11, 2022**.

The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **twenty-five (25).**

6)  The planning conference scheduled for October 15, 2021, is cancelled. The planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings is rescheduled before the undersigned magistrate judge on **February 11, 2022**, at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

7)  The deadline for filing motions to dismiss and motions for summary judgment is **March 8, 2022**.

8)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **March 8, 2022**.

9)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 21st day of May, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge