IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CODY GOLDTOOTH,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE WESTERN SUGAR COOPERATIVE,<br><br>    Defendant and Third-Party Plaintiff,<br><br>    vs.<br><br>DSI MECHANICAL, LLC AND ZURICH AMERICAN INSURANCE COMPANY,<br><br>    Third-Party Defendants. | 8:20CV113<br><br>ORDER |

    This matter comes before the Court on Plaintiff's Motion to Quash Defendant/Third Party Plaintiff's Subpoena Duces Tecum (Filing No. 132). Plaintiff requests that the Court quash a third-party subpoena served on Cognitive FX and Dr. Alina Fong. Plaintiff maintains the information sought from Cognitive FX is privileged work product because Cognitive FX is a non-retained consultation expert, not a treating provider.

    On January 16, 2024, Defendant/Third-Party Plaintiff, The Western Sugar Cooperative ("Western Sugar") filed a Notice of Intent to Serve a Rule 45 subpoena duces tecum upon Cognitive FX, a brain injury rehabilitation facility in Provo, Utah. (Filing No. 130). Generally, the subpoena requested Plaintiff's complete patient chart, complete copies of his medical imaging, an itemized statement of charges to Plaintiff from his office visit on December 1, 2020, as well as his evaluations and/or treatments between May 5 to May 21, 2021. (Filing No. 133 at p. 2). The Notice of Intent to Serve Subpoena states the subpoena would be issued "on or after January 26, 2024."[1]

---

[1] Neither party addresses the timeliness of Western Sugar's Rule 45 subpoena, however. On December 17, 2021, the Court entered a Third Amended Case Progression Order which provided, "The deadline for completing written discovery under Rules 33, 34, 36, and 45 of the Federal Rules of Civil Procedure is March 29, 2022." (Filing No. 90). Although the parties have requested and the Court has granted several extensions or stays of various case progression deadlines, the written discovery deadline—including the deadline to complete Rule 45 written discovery—was never extended beyond March 29, 2022. Defendant indicates it first learned of the existence

The record does not contain evidence that any party served objections to the subpoena on the noticing party within 7-days. See NECivR. 45.1(b) ("After receipt of the notice [of intent to serve a subpoena upon a nonparty], the adverse party has 7 days to serve written objections to the subpoena on the noticing party."). Western Sugar states it therefore issued the subpoena to Cognitive FX on January 26, 2024, ten days after filing its Notice of Intent to Serve Subpoena. (Filing No. 135 at p. 5). Plaintiff then filed the instant motion to quash on January 30, 2024. (Filing No. 132). Counsel for Western Sugar has since advised the Court that Cognitive FX was indeed served with the subpoena on January 26, and that Cognitive FX has already produced the requested records, including imaging studies, in electronic format. Counsel for Western Sugar has sequestered the files in a secure folder pending the Court's ruling. (See attached email exhibit).

From the Court's perspective, Plaintiff's motion to quash the subpoena is moot. Plaintiff did not comply with NECivR. 45.1(b) because he did not serve written objections on the defendant within 7-days after receiving notice of the subpoena. Western Sugar therefore properly served the subpoena on the nonparty, and the nonparty has responded to the subpoena by producing the requested documents. See *Knapp v. Novartis Consumer Health, Inc.*, No. 4:14CV3007, 2014 WL 7082089, at *1 (D. Neb. Dec. 12, 2014) (Failure to comply with the local rules regarding service of objections to a notice of nonparty subpoena is itself a basis for denying a motion to quash).

Nevertheless, "Failure to object to issuance of a subpoena to a nonparty does not preclude an adverse party from moving for a protective order under Federal Rule of Civil Procedure 26(c)." NECivR. 45.1(c). Because Plaintiff did not object to the nonparty subpoena, Plaintiff's remedy is to move for a protective order. However, in accordance with the Court's case management practices and case progression orders, "[a] motion to . . . for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge . . . to set a conference to discuss the parties' dispute, and after being granted leave to do so by the Court." Additionally, "this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must

---

of Cognitive FX during a November 2023 deposition, but Defendant never explicitly asked for the Court to alter the scheduling order to serve this Rule 45 subpoena for written discovery.

2

also state the date, time, and place of the communications and the names of all participating persons." NECivR. 7.1(j).  If Plaintiff wishes to move for a protective order, the Court will take up that issue during the status conference currently set at 11:30 a.m. on April 10, 2024, following the parties' required meet and confer.  Accordingly,

**IT IS ORDERED:** Plaintiff's Motion to Quash Defendant/Third Party Plaintiff's Subpoena Duces Tecum ([Filing No. 132](Filing No. 132)) is denied.

Dated this 20th day of March, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge