IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAIME GOLDTOOTH, as Guardian and Conservator for the Estate of Cody Goldtooth, and ZURICH AMERICAN INSURANCE COMPANY, | ) ) ) ) ) | 8:20CV113 |
| Plaintiffs, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) | |
| THE WESTERN SUGAR COOPERATIVE, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) | |
| DSI MECHANICAL, LLC, | ) | |
| Third-Party Defendant. | ) | |

This matter is before the Court on the parties' motions in limine (Filing Nos. 255, 257, 258, 260-275) asking the Court to exclude certain evidence at trial. As briefly described below, the Court denies the bulk of those motions and will consider the remainder at the upcoming hearing or—as necessary—at trial.

## I.  BACKGROUND[1]

This case revolves around a workplace accident that occurred at defendant and third-party plaintiff The Western Sugar Cooperative's ("Western Sugar") sugar-beet processing facility in Scottsbluff, Nebraska (the "plant"). Western Sugar was expanding the plant in 2016 through what became known as the High Plains project (the "project"). In doing so, it contracted with third-party defendant DSI Mechanical, LLC ("DSI") to

---

[1]The facts underlying this case are set forth in greater detail in the Court's recent Memoranda and Orders on the parties' expert and summary-judgment motions (Filing Nos. 242, 250, 254).

perform work on the project. DSI hired Cody Goldtooth ("Cody") that summer, and Cody went on to work exclusively at the plant.

On August 3, 2016, Cody was working at the plant when he went looking for a piece of plywood to protect equipment from debris. During his search, he lifted a piece of plywood covering a hole in the second floor of the plant building that was created earlier in the project with the permission of a Western Sugar employee. As Cody attempted to pick up the plywood, he fell 18 feet through the hole onto the first-level floor. As a result, Cody incurred a number of serious injuries, including a traumatic brain injury.

Cody sued Western Sugar (Filing No. 1) on March 25, 2020, alleging it was responsible for his accident due to its negligent failure to maintain the safety of its premises, among other things. Cody has since been substituted as a party by his sister Jaime Goldtooth ("Goldtooth"), who was recently appointed as Cody's guardian and conservator by an Arizona state court (Filing No. 152). DSI's insurer, Zurich American Insurance Company ("Zurich"), is also a plaintiff to this action based on its subrogation interests in Cody's claim. In its third-party complaint (Filing No. 32), Western Sugar claims DSI is responsible for at least some of Cody's alleged damages under their indemnification agreement based on DSI's alleged negligence leading up to the accident.

The parties have been engaged in discovery for the past few years, leading to various disputes. Included in those disagreements were the parties' objections to expert opinions, which the Court addressed in its November 18, 2024, Memorandum and Order (Filing No. 242). The Court granted some parts of the parties' motions to exclude expert testimony and denied others. As relevant here, the Court concluded, in part, that "testimony by Western Sugar's experts regarding . . . Cody's pre-accident alcohol use" would be excluded. In response to Goldtooth's request, however, it declined to exclude expert testimony that there may be information missing from the record, which Western Sugar represented it would not elicit.

Soon after, the Court ruled on DSI, Western Sugar, and Goldtooth's respective summary-judgment motions (Filing Nos. 250, 254).  *See* Fed. R. Civ. P. 56(a); NECivR 56.1.  A jury trial in this case is currently expected to begin on Monday, January 13, 2025.

On December 16, 2024, the parties' filed the present motions in limine.  Western Sugar filed a consolidated motion, requesting an order excluding evidence related to (1) OSHA citations, settlements, and investigatory files, (2) Jaime's appointment as Cody's conservator, (3) Western Sugar's history of unsafe practices, including separate OSHA and building- and fire-code violations, (4) the parties' financial statuses, including the budget of the project, and (5) "'Anchoring' or 'Reptile Theory'" techniques.  For its part, DSI moved to exclude references "regarding an incorrect standard of care."  Goldtooth, on the other hand, filed seventeen separate motions in limine.  Those motions request the exclusion of a wide variety of evidence which the Court addresses further below.

Goldtooth and Western Sugar have responded to each other's motions (Filing Nos. 288, 292) and replied in support of their own motions (Filing Nos. 304, 306).  Goldtooth also opposes DSI's motion (Filing No. 289).  To efficiently resolve the numerous evidentiary issues before trial, the Court now rules on a number of those motions in advance of a hearing on the remainder of the parties' arguments on January 10, 2025.

## II.   DISCUSSION

### A.   Standard of Review

District courts enjoy "broad discretion in determining the relevancy and admissibility of evidence." *Burris v. Gulf Underwriters Ins., Co.*, 787 F.3d 875, 881 (8th Cir. 2015) (quoting *United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir.2007)).  Such determinations are guided by the fact that "[t]he Federal Rules of Evidence 'favor admitting relevant evidence absent a specific reason to exclude it.'" *Doe v. Young*, 664

F.3d 727, 733 (8th Cir. 2011) (quoting *Moore v. United States*, 648 F.3d 634, 639 (8th Cir.2011)).

Though the rules "do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Of course, "[e]videntiary rulings made by a trial court during motions in limine are preliminary and may change depending on what actually happens at trial." *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

B.   **Western Sugar's Motion in Limine**

As described above, Western Sugar asks the Court to exclude evidence related to the OSHA investigation, citations, and settlements related to Cody's accident, the Arizona state-court conservatorship proceeding, Western Sugar's history of past falls, building and fire code violations, and other safety-related issues, as well as the parties' financial statuses. Western Sugar also takes issues with the potential use of "Anchoring" and "Reptile Theory" techniques. After reviewing the parties' arguments and the record at this point, the Court finds the bulk of those motions should be further considered at the upcoming hearing, though a few specific issues can be resolved.

First, the Court agrees that evidence of the OSHA settlements are generally inadmissible, and Goldtooth has provided no argument to persuade it otherwise. *See* Fed. R. Evid. 408. Indeed, the settlements are currently incorporated into Goldtooth's voluminous OSHA file exhibit containing a variety of documents. In that form, and on this record, the settlements (and perhaps all of Goldtooth's proposed exhibit) constitute inadmissible hearsay. *See* Fed. R. Evid. 802.

The findings of the Arizona state court in Cody's conservatorship proceedings are also inadmissible hearsay. *See UnitedHealth Grp. Inc. v. Exec. Risk Specialty Ins. Co.*, 870 F.3d 856, 864 (8th Cir. 2017) ("A court's prior judgment or ruling is inadmissible

hearsay if it is offered to prove the truth of the matter asserted."); *see also Nipper v. Snipes*, 7 F.3d 415, 417-18 (4th Cir. 1993). Goldtooth has not even attempted to argue how those findings fall outside of the general prohibition on hearsay, nor can she. *See, e.g., Nipper*, 7 F.3d at 417 (explaining that the public-records exception in Federal Rule of Evidence 803(8)(C) is inapplicable to "judicial findings of fact"). Such evidence also appears to be a "prejudicial shortcut" to proving core issues in this case, which Goldtooth may instead attempt to establish through a variety of other evidence at her disposal. *United States v. Sine*, 493 F.3d 1021, 1035 (9th Cir. 2007) (finding the use of a judicial opinion was violative of Rule 403); *see also Nipper*, 7 F.3d at 418 (same).

Additionally, and as stated previously, Goldtooth has not shown that the past fall-related accidents are sufficiently similar to the subject accident in this case to be admissible. *See Hicks v. Six Flags Over Mid-Am.*, 821 F.2d 1311, 1315 (8th Cir. 1987) ("Evidence of prior accidents is inadmissible unless the proponent shows that the accident was sufficiently similar in time, place or circumstances to that in the case at bar."); Fed. R. Evid. 403. At the *Daubert* stage, the Court explained that requirement of the proponents of such evidence and noted that it was not yet clear that references to those accidents would be admissible. *See Goldtooth v. W. Sugar Coop.*, No. 8:20CV113, 2024 WL 4816594, at *9 (D. Neb. Nov. 18, 2024). Still, Goldtooth has not so much as attempted to meet the requisite showing. In those respects, and those respects only, the Court grants Western Sugar's motion on this record, with further determinations to be made at trial.

On the other hand, Goldtooth's role as Cody's conservator may be appropriately referenced for the jury to understand the relationships of the parties to this case. Western Sugar's motion is therefore denied to that end.

The Court further finds Western Sugar's request to exclude arguments based on "Anchoring," "Reptile Theory," and the "Golden Rule" to be premature, and will reserve such arguments for objections at trial. Until then, the Court will assume and expect that

counsel will "stay within the bounds of good and honorable advocacy that doesn't inflame the jury or appeal to passion or prejudice." *Kingman v. Joseph*, No. 3:18-cv-155-DPM, 2021 WL 2336949, at *1 (E.D. Ark. June 8, 2021).

All other arguments asserted in Western Sugar's motion in limine are reserved for further discussion at the scheduled hearing.

### C. Goldtooth's Motions in Limine

#### 1. Motion No. 1

Among their various motions, Goldtooth requests the exclusion of evidence regarding "alternate theories not" pled by Western Sugar and DSI, including any suggestion that Mark Suhr or Paul Reed Construction "created or were otherwise responsible for the hole" Cody fell through. That motion is denied.

As Western Sugar points out, the broader request is far too vague to be the subject of a Court's pre-trial order to exclude evidence. With respect to the creation of the hole specifically, the parties have established that Paul Reed Construction was, in fact, involved in creating the hole. That information is relevant, and Goldtooth has not effectively argued why it is inadmissible. Goldtooth's first motion is otherwise mooted by the fact that Western Sugar agrees it will not "argue or present evidence that Suhr or Paul Reed were negligent or otherwise bear responsibility for this accident."

#### 2. Motion No. 2

Goldtooth's second motion seeks the exclusion of expert opinions that were not disclosed in their respective written reports and "[c]ontentions by attorneys that are not supported by the evidence." As with her first motion, Goldtooth's request is overly vague and does not point the Court to the actual evidence it expects to potentially be admitted. That request is therefore denied without prejudice to similar objections being raised at trial.

### 3. Motion Nos. 3, 4, and 5

In her third, fourth and fifth motions in limine, Goldtooth asserts that certain evidence related to Cody's application for Social Security Disability Insurance and his non-filing of taxes before and after his accident should be deemed inadmissible. The parties agree that administrative determinations regarding Cody's application for benefits would be inadmissible but that statements Cody made in his application may be admissible for impeachment purposes. Otherwise, the Court concludes that the rest of this evidence may be relevant and admissible for limited purposes, especially for impeachment. *See*, *e.g.*, *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) (finding "evidence of [the plaintiff's] failure to pay taxes [was] admissible" because it bore "directly on her propensity for truthfulness"). Any objections to particular uses of this evidence will be considered at trial.

### 4. Motion Nos. 7, 14, 15, and 16

Goldtooth also asks the Court to exclude evidence of settlement negotiations between the parties, expert testimony that Cody may have unfastened a cover over the hole, references to Cody's workers' compensation benefits, and records from a nurse management company involved in the workers'-compensation proceedings. In response, Western Sugar represents that it does not plan to present such challenged evidence. Thus, these motions in limine are denied as moot.

### 5. Motion Nos. 8, 9, and 11

Goldtooth moves for the exclusion of any (1) suggestion there are things "'We Don't Know,' not Disclosed or Missing", (2) expert testimony to opinions "that do not rise to the required level of reasonable medical certainty" or suffer from other issues, and (3) evidence that "Cody is minimizing his pre-subject-accident drinking." Most of these issues were subjects of the Court's Memorandum and Order on the parties' *Daubert* motions. In fact, the Court already ordered that any testimony regarding "Cody's pre-accident alcohol use [will be] excluded."

Additionally, the Court was not persuaded at that time of the need to exclude potential testimony about things "We Don't Know" because no such testimony was being offered. Nothing has changed. In a similar vein, the Court need not order the evidence identified in Goldtooth's ninth motion to be excluded because—as both Goldtooth and Western Sugar admit—the identified experts "have no intention of offering" the challenged testimony. These motions are therefore denied. Of course, Goldtooth retains the ability to object to such evidence should it be offered at trial.

6. Motion Nos. 10 and 12

In her tenth and twelfth motions in limine, Goldtooth urges the Court to exclude evidence she expects to be offered relating to a rollover crash Cody was in after the subject accident as well as his pre-accident cognitive ability. Despite Goldtooth's claims, this evidence is sufficiently probative of the damages Cody incurred as a result of his fall at the plant. The Court is not persuaded such evidence should be deemed inadmissible at this stage.

7. Motion No. 17

Finally, Goldtooth asserts "[t]here should be no evidence of Western Sugar's [] contractual indemnification claim" against DSI presented at trial. She claims such evidence is irrelevant and not a matter to be considered by the jury. But the Court has already determined in this matter that the indemnification agreement between DSI and Western Sugar is enforceable and applicable as a matter of law. *See* Fed. R. Civ. P. 56(a).

Worse yet, her argument appears to confuse the nature of these proceedings. The jury in this case is to consider both Goldtooth's claims against Western Sugar as well as Western Sugar's allegations against DSI and, based on the evidence presented at trial, determine whether any of those parties are responsible for Cody's injuries. No party has requested an alternate procedure here. *See* Fed R. Civ. P. 42(b) (authorizing the district court to "order a separate trial of one or more issues, claims, crossclaims, counterclaims, or third-party claims" under appropriate circumstances). Nor has Goldtooth replied in

support of this motion to rebut Western Sugar's belief that her argument "misunderstands the procedural posture of this case." This motion is denied.

    **D.    DSI's Motion in Limine**

DSI's objections to arguments that may imply an "incorrect standard of care" to the jury are, like Western Sugar's similar concerns detailed above, reserved for trial. Thus,

    IT IS ORDERED:

1. Defendant The Western Sugar Cooperative's Motion in Limine (Filing No. 255) is granted in part as to the requested exclusion of evidence of OSHA settlements, the Arizona state court findings, and the identified past falls subject to further evidentiary developments. That motion is denied in part without prejudice as to the requested exclusion of references to plaintiff Jaime Goldtooth as the conservator for Cody Goldtooth as well as "Anchoring," "Reptile Theory," and "Golden Rule" comments.

2. Goldtooth's Motion in Limine Nos. 1, 2, 3, 7, 8, 9, 10, 11, 12, 14, 15, 16, and 17 (Filing Nos. 257, 258, 260, 264-269, 271-274) are denied without prejudice to the proper assertion of objections at trial. Goldtooth's Motion in Limine Nos. 3, 4, and 5 (Filing Nos. 260-262) are granted in part and denied in part without prejudice.

3. Third-party defendant DSI Mechanical, LLC's Motion in Limine (Filing No. 275) is denied without prejudice.

4. The Court will hear argument on the remaining motions in limine, including Goldtooth's Motion in Limine Nos. 6 and 13 (Filing Nos. 263, 270) and parts of Western Sugar's Motion in Limine at the motion hearing scheduled on January 10, 2025, at 9:30 a.m.

Dated this 8th day of January 2025.

    BY THE COURT:

    Robert F. Rossiter, Jr.
    Chief United States District Judge